ROGERS *v.* BUCHANAN & *a.*

A writ cannot be served on three defendants, or either of them, by leaving a single copy at the house where they all reside, though they live in one family, and there is no other family in the house.

All the defendants live in the same house and in the same family, and there is no other family in the house. An officer having a writ against them, left one copy only, and made return as follows: "Grafton ss. April 17, 1876. I have summoned the within-named defendants, as within commanded, by leaving at their usual place of abode an attested copy of this writ." There was no other service made. The defendants appeared specially in court, and moved to quash the writ for want of service; which motion the court granted, and the plaintiff excepted.

*Blair & Burleigh* and *H. Bingham*, for the plaintiff.

*Burrows & Jewell* and *Carpenter*, for the defendants.

FOSTER, J. "Writs of summons * * * shall be served by reading the same to the defendant, or by giving to him an attested copy thereof, or leaving such copy at his abode." Gen. St., c. 204, s. 2.

This is a preceptive statute, commanding the service of process, and regulating the form and manner of such service. Such a statute is

not merely directory; it is imperative.   1 Kent Com. *465, note *c;* 1 Bouv. Inst. 48 ; Potter's Dwarris on Statutes 74.

The service of legal process is a power by means of which a person may be deprived of his estate.   It is indispensable to the protection of his rights that no rule or regulation should be infringed which the law prescribes for securing to him notice of the claim and proceeding by which his estate is thus imperilled.

The legislature intended that every defendant,—not one in three,— should have notice, so far as imperative statutes can effect that result, of every legal process instituted against him, and so they prescribed the methods most likely to secure such a result.   They expressed their intention in distinct terms, and directed proceedings easy of accomplishment, and it is not to be inferred that they intended to allow a departure from the strict limits of the forms prescribed.

" No attempt of an officer to avail himself of the advantages of a full discharge of his duty by performing only a portion of it, is to be countenanced or tolerated."   *Bugbee* v. *Thompson,* 41 N. H. 183.

The defect in the service of this process is apparent upon the record ; and in such cases courts properly quash the writ upon mere motion. *Nye* v. *Liscombe,* 21 Pick. 263 ; *Farley* v. *Day,* 26 N. H. 527 ; *Craw-ford* v. *Crawford,* 44 N. H. 428 ; *Jacobs* v. *Stevens,* 57 N. H. 610.

*Exceptions overruled.*

STANLEY, J., did not sit.