JENNIE JACKSON v. JOHN TENNEY AND A. H. JACKSON.

(Filed September 7, 1906.)

1. **EVIDENCE—Parol—Admissible,—When—Sheriffs Return.** Where the return of a sheriff that has served a summons on the defendants personally is ambiguous, and open to the construction that but one copy was delivered to both defendants, parol evidence is admissible to show that no service, in fact, was had on one of the defendants.

2. **SAME—Pleading and Practice—Motion to Set Aside Judgment.** Where there is a direct proceeding, by motion in the cause, to set aside a judgment, by one of the defendants in the action, at the same term of court at which the judgment is rendered, and the return of the officer is ambiguous, and open to the construction that but one writ was served on both defendants, and the evidence conclusively shows that no service was had upon such defendant, it is error to overrule the motion.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

*M. D. Libby,* for plaintiff in error.

*J. I. Phelps,* for defendant in error.

Opinion of the court by

HAINER, J.: This is an action brought in the district court of Canadian county, on the 19th day of December, 1902, by John Tenney against A. H. Jackson, and Jennie Jackson, to recover the sum of $122.50 alleged to be due and owing as commission for the sale of real estate. On the same day sum-

mons was duly issued and placed in the hands of the sheriff to be served. The return of the under sheriff is as follows:

"Received this writ this 19th day of Dec. at 9 o'clock A. M., 1902. Served the same by delivering a copy thereof with the endorsements thereon duly certified to the within named defendant A. H. Jackson and Jennie Jackson personally. On the 19th day of Dec. 1902.

"A. A. COSBY,

"Sheriff.

"By C. M. SPIKER,

"Under Sheriff."

On the 10th day of February, 1903, at a regular term of the district court, judgment was rendered by default against the defendants, for the sum of $139.25 and costs of action. On the 21st day of February, 1903 and during the same term of the court, motion was filed by Jennie Jackson, one of the defendants in the court below, plaintiff in error, to set aside the judgment, on the ground that the court had no jurisdiction of the person of the defendant, in this, to wit: "That service of summons in said action was not had upon the said Jennie Jackson, either by delivering to her a copy of the summons issued in said action, personally, or by leaving a copy thereof at her usual place of residence, or at all. That she enters her appearance herein for the purposes of this motion only." And said motion was duly verified. This motion was overruled by the trial court, to which an exception was reserved, and the case is brought here for review.

The sole question presented by the record is whether or not the service upon Jennie Jackson was sufficient. The affidavit of Jennie Jackson that no summons was served on

her, either in person or by leaving a copy at her usual place or residence, was not controverted, excepted as shown by the return of the officer.

Section 64 of the Code of Civil Procedure, Statutes of 1893, provides as follows:

"The service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence, at any time before the return day."

Upon an examination of the return of the officer, it will be observed that the summons was served "by delivering a copy thereof with the endorsement thereon duly certified to the within named defendant, A. H. Jackson and Jennie Jackson in personally." Hence the return is clearly open to construction, as to whether a copy of the summons was served on one or both of the defendants. The law requires that the summons shall be served by delivering a copy to each of the defendants personally, or by leaving the same at their usual place of residence. The undisputed testimony shows that the requirements of the statute were not satisfied, and that no summons was served upon the plaintiff in error, either in person or by leaving a copy at her usual place of residence.

In *Randolph v. Schwingle,* 27 S. W., 955, it was held that:

"A return of a writ by a sheriff as served by 'delivering to J. R., R. H., W. S., the within-named defendant, in person, a true copy of this note,' is insufficient to support a judgment by default."

In this case, the court of civil appeals of Texas, speaking by Chief Justice James, says:

"The return is open to the construction that but one writ

32—Vol. 17

was served on all the defendants, and has been held in several cases to be insufficient to support a judgment by default."

In *Swilley v. Reliance Lumber Co.,* 46 S. W. 387, the same court, in passing upon a similar question, says:

"The return is clearly insufficient to authorize a judgment against either one of the defendants named therein. The law requires that each defendant be served with a copy of the writ, and this can only be done by the officer executing the writ delivering a copy of the same to each defendant in person. This is not shown to have been done by the return in this case. *Holliday v. Steele,* 65 Tex. 388; *King v. Goodson,* 42 Tex. 153. The judgment is therefore reversed as to the plaintiff in error, Swilley, and the cause remanded as to him."

Counsel for defendant in error rely upon the authority of *Goodard v. Harbour,* 44 Pac. 1055, where the supreme court of Kansas held that:

"The return of a sheriff that he has served a summons on the defendants personally, being a matter as to the truth or falsity of which he has personal knowledge, is conclusive between the parties, and cannot be questioned in an action afterwards brought to enjoin the enforcement of a judgment based on such service on the ground that the court was without jurisdiction of the person of the defendants."

In this case the learned court announced the doctrine that as to matters falling within the personal knowledge of the officer, his return is conclusive as between the parties, unless the falsity of the return is disclosed by some other portion of the record in the cause. But in this case, it must be borne in mind that the court had under consideration an action to enjoin the enforcement of a former judgment, and it was a collateral attack made upon such judgment: while

in the case under consideration the motion was filed in the same case, and at the same term of court at which the judgment was rendered, and was a direct proceeding by motion a very short time after the rendition of the judgment. Again, it must be observed, in the Goddard case, that the supreme court of Kansas assumed that the return showed that personal service was had upon both defendants, and upon that assumption based its opinion. But it also appears from the opinion that parol evidence was allowed to be introduced, to show that service was, in fact, had on each of the defendants. The court apparently failed to discuss, or overlooked the question whether the return of the officer was ambiguous, and open to construction as to whether service was in fact had upon each of the defendants, in the mode required by the statutes.

In the case at bar the return is clearly ambiguous, and it does not appear that the officer served a summons on each of the defendants, and in the mode prescribed by statute. Hence we think it was clearly competent to show by the record, as well as by parol evidence, that the summons in fact was not served upon the defendant. We also think that the doctrine herein announced is clearly distinguishable from the rule announced in the Kansas case, and similar cases.

We do not wish to be understood as holding in this case that where the return of an officer shows personal service, which is within the personal knowledge of such officer, that the return may be impeached, or contradicted, by parol testimony. Upon this question the American authorities are conflicting, and we think it is unnecessary to decide it at this time. It is sufficient to hold in this case that the return

under consideration was open to the construction that but one writ was served on both defendants, and that therefore the service did not conform to the requirements of the statute. And since the evidence conclusively established that no service was had on the defendant, we think the court erred in not sustaining the motion to set aside the judgment, so far as it affected the rights of the plaintiff in error.

Moreover, we think the well recognized doctrine that every court has absolute control over its judgments and decrees at the term at which they are rendered, and may therefore at any time before the expiration of such term vacate or modify any judgment or decree rendered during such term, in the exercise of its sound discretion, is applicable to the case under consideration. A. & E. Enc. Law, vol. 17 (2 Ed.) page 813, and numerous cases there cited in the note.

The judgment of the district court is reversed and the cause remanded, with directions to sustain the motion.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.