GOOD et al. v. FIRST NAT. BANK OF ROFF et al.

No. 10854—Opinion Filed Jan. 11, 1923.

(Syllabus.)

1. Pleading—Judgment on Pleadings—Nature of Motion.

A motion for judgment on the pleadings is in the nature of a demurrer, which it closely resembles, and admits for its purpose the truth of all the facts well pleaded by the opposite party. 11 Enc. of Pl. & Pr. 1046; C. E. Sharp Lumber Co. v. Kansas Ice Co. et al., 42 Okla. 689, 142 Pac. 1016.

2. Same—Motion Not Favored.

The rendering of judgment upon the pleadings upon motion is not favored by the courts. A motion for judgment on the pleadings should only be sustained where no cause of action or defense is stated and such pleading is not susceptible of amendment.

3. Pleading—Construction When Challenged by Motion for Judgment.

The rule is well established that the allegations of a petition, when challenged by a general demurrer, or motion for judgment,

must be liberally construed in favor of the pleader, and that the demurrer, or motion for judgment, admits the truth of the allegations. Where a pleading states any facts upon which the pleader is entitled to any relief under the law a general demurrer, or motion for judgment, should not be sustained.

### 4. Judgment—Collateral Attack—Defective Service.

A judgment void for want of valid service upon the defendant, appearing from an inspection of the judgment roll, may be vacated at any time or attacked collaterally.

### 5. Judgment—Judgment on Merits—Matters Concluded.

The judgment of a court of competent jurisdiction upon the merits is conclusive between the parties and those in privity with them, and the facts therein adjudicated can never thereafter be contested between them in another action merely upon a different theory, where the primary purpose or effect of the subsequent action is the same as that of the former action, and where the material facts of the subsequent action were, or might have been, presented as constituting the claim or defense in the former action. Kiniry v. Davis et al., 82 Okla. 211, 200 Pac. 439.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Lillie Good, nee Morris, et al. against the First National Bank of Roff et al., to recover possession of real estate and for cancellation of instruments affecting the title of said lands. Motion by defendants for judgment on the pleadings sustained. Plaintiffs bring error. Reversed and remanded, with directions.

C. F. Green, for plaintiffs in error.

Rainey & Flynn, for defendant in error American Investment Company.

E. S. Kerr, for defendant in error First National Bank of Roff.

KENNAMER, J. Lillie Good, nee Morris, Lena Dawson, nee Morris, J. W. Morris, and J. D. Morris, plaintiffs, instituted this action in the district court of Pontotoc county on the 2nd day of February, 1918, against the First National Bank of Roff, Okla., et al., defendants, to recover possession of 45 acres of land located near the town of Roff, Pontotoc county, Okla., and for the cancellation of certain mortgages and judgment of record affecting the title to said land.

The petition filed by the plaintiffs pleaded two causes of action. The first cause was in ejectment. The second cause of action was in the nature of an action in equity, asking the court to decree certain mort-

gages executed upon lands in controversy to be void for the reason that on the date of the execution of said mortgages Wharton H. Morris, the mortgagor, was a married man and the land attempted to be mortgaged was the homestead of Wharton H. Morris and the mortgages were not signed or executed by his wife, as required by the applicable constitutional and statutory provisions of Oklahoma, and that the decree of foreclosure entered on the 22nd day of March, 1913, foreclosing one of the mortgages executed by Wharton H. Morris, was void for the reason that no valid service of summons was ever had upon Wharton H. Morris in said action of foreclosure, in that the summons was left with A. D. Nichols, the keeper of the hotel where the defendant, Wharton H. Morris, resided, instead of serving the same upon the said Wharton H. Morris personally, or some member of Morris' family, as required by the statute. That, after the rendition of judgment of foreclosure and prior to any order of sale issuing, Wharton H. Morris, the defendant in the foreclosure action, died, and that an order of reviver was made reviving the action in the name of J. W. Morris, as the administrator of the estate of Wharton H. Morris, deceased. That the order of reviver is void for the reason no notice to revive was given as required by law, and that J. W. Morris attempted to accept service of notice to revive several days prior to the date on which he was appointed administrator of the estate of the said Wharton H. Morris, deceased.

The plaintiffs alleged that they were the sole and only heirs at law of Wharton H. Morris, deceased, and by reason thereof inherited the lands in controversy, and were the legal and equitable owners thereof. In our view of the case we deem it unnecessary to set out the petition in full, but it is sufficient to say that the petition attacked the decree of judgment of foreclosure upon the ground that the court was without jurisdiction to enter the judgment of foreclosure.

The defendants filed answers, containing general denials and set up certain affirmative defenses. Plaintiffs filed reply, denying all of the affirmative matter pleaded by the defendants. The cause came on for trial on February 28, 1919, and the defendants filed motion for judgment on the pleadings. Plaintiffs, after the filing of said motions by the defendants, filed motion for judgment on the pleadings. The trial court rendered judgment sustaining the motion of the defendants for judgment on the pleadings, and the plaintiffs have prosecuted this ap-

peal to reverse the judgment of the trial court sustaining the motion of the defendants. The parties appear here as they appeared in the trial court, and will be referred to as plaintiffs and defendants.

Counsel for the respective parties agree that a motion for judgment on the pleadings in effect is in the nature of a demurrer. That it attacks the sufficiency of the pleadings, and in that respect has the effect of a general demurrer, and for the reason it is an application to the court for judgment in favor of the party presenting the motion, it has the effect of a motion. 30 Cyc. 606; C. E. Sharp Lumber Co. v. Kansas Ice Co. et al., 42 Okla. 689, 142 Pac. 1016; Deming Investment Co. v. Reed et al., 72 Oklahoma, 179 Pac. 35.

The rendering of judgment upon the pleadings on motion is not favored by the courts. 31 Cyc. 605. A motion for judgment on the pleadings should only be sustained where no cause of action or defense is stated and such pleading is not susceptible of amendment. The proper practice for challenging a petition for failure to state facts sufficient to constitute a cause of action, where the petition may be amended so as to cure the defect, is by demurrer. Mires v. Hogan, 79 Okla. 233, 192 Pac. 811; Hubenthal v. Spokane, etc., R. Co. (Wash.) 86 Pac. 955; Jones v. Proctor, 24 Ohio, Cir. Ct. 80. Important questions of law involving the merits of the action are properly raised by a demurrer. In this case the court had overruled the demurrer of the defendants, and thereby held the petition stated a cause of action; but had the court sustained the demurrer, the plaintiffs might have amended so as to cure the defect raised by the demurrer. In Mires v. Hogan, supra, this court held:

"A motion for judgment on the pleadings searches the whole record, and a judgment may be rendered for the party, either the movant or his adversary, entitled thereto as the record then stands; but the motion can never prevail unless, upon the facts established by the pleadings, the court, as a matter of law, can pronounce a judgment on the merits for one or the other of the parties."

The rule is well established in this jurisdiction that the allegations of a petition, when challenged by a general demurrer, must be liberally construed in favor of the pleader, and that such demurrer admits the truth of the allegations. Ruby v. Warrier, 71 Oklahoma, 175 Pac. 355; Oklahoma Sash & Door Co. v. American Bonding Co., 67 Okla. 244, 170 Pac. 511.

Another rule that has been uniformly adhered to by this court is, a general demurrer to a petition on the ground that the facts stated are insufficient to constitute a cause of action, may be sustained only where the petition is so defective that the court is authorized, taking all of the facts to be admitted, in concluding no cause of action is stated entitling the plaintiff to any relief. Oklahoma Sash & Door Co. v. American Bonding Co., supra.

If any paragraph of the petition states a cause of action, the demurrer should be overruled. Blackwell Oil & Gas Co. v. Whitesides, 71 Oklahoma, 174 Pac. 573; Jackson v. Levy, 75 Okla. 256, 183 Pac. 505.

Applying these general rules to the instant case we conclude that the petition stated a cause of action. Many statements are found in the briefs of counsel for the respective parties as to what the evidence would probably show in the trial of the cause, but, as suggested by counsel, our conclusion must be based entirely upon the allegations of the petition in determining its sufficiency against a motion for judgment on the pleadings.

In answering the contention of counsel for the plaintiffs that the judgment of foreclosure is void for the reason that no valid service of summons was ever had upon the defendant Morris in the foreclosure action, they contend that under the rule announced in Pettis v. Johnston, 78 Okla. 277, 190 Pac 681, the allegations of the petition in this respect were insufficient, in that the plaintiffs did not allege that the invalidity of the service of the summons appeared from the judgment roll of the record in the foreclosure action, and that the instant action having been filed more than three years after the rendition of the judgment of foreclosure, the petition failed to state a cause of action. In the case of Pettis v. Johnston, supra, Mr. Justice Ramsey, in delivering the opinion of the court, said:

"Without undertaking to harmonize the decisions of this court, the conflict being more apparent than real, we now lay down the following as the correct rules in this state, to wit:

"Relief based on evidence dehors the record may be had against a judgment rendered without service of process, under the third subdivision of section 5267, Rev. Laws 1910, empowering the court to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made. * * * Such motion, under section 5274, Rev. Laws 1910, must be presented within three years after the rendition of the judgment or order. * * * If it be necessary to resort to extrinsic evidence to

show the invalidity of a judgment, the motion to vacate must be presented within the three years following the rendition of the judgment or order, otherwise every judgment valid upon the face of the record will depend for its perpetuity upon the frail memory of man. * * *

"When it clearly appears that a party not served with process, against whom a default judgment, valid on its face, has been taken, had no notice or knowledge of such judgment until after three years from its rendition, or in too short a time before the three years expired to file a motion to vacate, he may file a suit in equity against the plaintiff to enjoin the enforcement of such judgment."

And again in said cause the court said:

"The judgment is void on its face when it so appears by an inspection of the judgment roll, but it will not be held void on its face unless the record thereof affirmatively shows the court was without jurisdiction."

And further on in said cause the court says:

"The equivalent of the judgment roll, however, is provided for by sections 5144 to 5146, inclusive, Rev. Laws 1910. Those sections direct the clerk, upon order of the court, to make a complete record of every case as soon as it is finally determined, such record to contain 'the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments and all material acts and proceedings of the court.' When we have spoken in this opinion of a judgment void on its face, we mean a judgment whose invalidity is disclosed from an inspection of such a record—the judgment roll."

We have no fault to find with the rule announced in Pettis v. Johnston, supra, but in construing the petition of the plaintiffs as against a general demurrer, or motion for judgment, we must adhere to the rule that such demurrer or motion admits the truth of the allegation, and it might reasonably be inferred that the invalidity of the service of the summons, as alleged, appeared from the judgment roll, and the truth of the allegation being admitted that no valid service was had as required by the statute, it necessarily follows that the court would be without jurisdiction to enter a valid judgment.

In the case of Pettis v. Johnston, supra, in the tenth paragraph of the syllabus it was held:

"A judgment which is void upon its face, and requires only an inspection of the judgment roll to demonstrate its want of validity, is a 'dead limb upon the judicial tree, which may be lopped off at any time'; it can bear no fruit to the plaintiff, but is a constant menace to the defendant, and may be vacated by the court rendering it 'at any time on motion of a party or any person affected thereby,' either before or after the expiration of three years from the rendition of such void judgment. Such motion is unhampered by a limitation of time."

It is, therefore, clear from the rule announced that if the judgment in the case at bar was rendered without valid service of summons having been made, and the same appears from the inspection of the judgment roll, such a judgment is classed as "a dead limb upon the judicial tree, which may be lopped off at any time," and such a judgment is subject to collateral attack.

The liberal construction in favor of the pleader would justify the inference that the invalid service of summons appeared from the judgment roll, although not specifically alleged by the pleader. But, undoubtedly, under the allegation of the petition the plaintiffs would be entitled to offer in evidence the judgment roll in support of this allegation. If the judgment roll discloses that the judgment is void for want of jurisdiction in the court to enter the judgment, then the plaintiffs are within their rights in attacking the judgment collaterally. Under the rule announced in Pettis v. Johnston, supra, if a judgment had been rendered against a party on a false return, it may be vacated within three years after the rendition of the judgment or order upon motion in the same action, or if such judgment is not discovered until after the expiration of three years by a party affected thereby, then upon proper showing an action in equity may be maintained for the vacation of such judgment. It is apparent that a judgment rendered upon a fraudulent or false return could be attacked in equity upon a proper showing. The summons and the sheriff's return thereon being part of the judgment roll, the recital in the judgment of legal service of summons having been made must be construed in connection with that part of the record showing the summons and return. The judgment roll, which gives the official evidence prescribed by statute, the summons and the sheriff's return, is the official evidence that the court acted upon in entering a decree that valid services of summons had been made. In determining the validity of a judgment collaterally attacked, the summons, return, and journal entry of judgment must be read together. Settlemier v. Sullivan, 97 U. S. 444, 24 L. Ed. 1110; Knapp v. Wallace et al. (Ore.) 92 Pac. 1054, 126 Am. St. Rep. 742.

Where the return of the officer, which is the legal evidence of the service of sum-

mons, is inconsistent with the recitals in the judgment, the former will control. Stubbs et al. v. McGillis et al. (Colo.) 96 Pac. 1005, 18 L. R. A. (N. S.) 405; 18 Enc. Pl. & Pr. 987; Galpin v. Page, 18 Wall. 366, 21 L. Ed. 962.

Counsel for the respective parties have at considerable length discussed the allegations of the petition with respect to the lands in controversy being the homestead of Wharton H. Morris, the mortgagor, on the date of the execution of the mortgages, and their invalidity, by reason of the fact that the wife of the mortgagor failed to join in the execution of said mortgages. It appears from the record that the alleged wife of Wharton H. Morris is not a party to this action nor in any way asserting any interest in the lands. We are, therefore, of the opinion that if the decree of foreclosure is valid, which must be determined in the trial of the cause, the plaintiffs are concluded by the judgment of foreclosure, as they assert title and ownership to the lands through Wharton H. Morris, the defendant in the foreclosure action.

In a decree authorizing a judicial sale, the court actually, or presumptively, adjudicates every matter essential to the propriety and validity of the sale decree. Brewer v. Warner (Kan.) 182 Pac. 411, 5 A. L. R. 385. The court in this case pointed out the distinction between a judicial sale and a sale by virtue of a general execution. In the former the court has specified the property to be sold and adjudicated the lien thereon. In the latter the sheriff in executing the process does not act as the agent of the court, for the court has not specified what property for the sheriff to levy upon, but it is the duty of the sheriff to levy upon such property as he is authorized to sell under the law in satisfaction of the judgment.

The rule is uniformly adhered to by courts that a judgment in a court of competent jurisdiction upon the merits is conclusive between the parties and those in privity with them, and that the facts therein adjudicated may never subsequently be contested between the parties, or those in privity with them, where the primary purpose and effect in the subsequent action is the same as that of the former action and where the material facts of the subsequent action are, or might have been, presented as constituting the claim or defense in the former action. Kiniry v. Davis et. al., 82 Okla. 211, 200 Pac. 439. With this rule of law in mind, we are unable to conceive of any good reason why,

if the land in controversy was the homestead of Wharton H. Morris, it would not have been incumbent upon him, if he was legally served with summons in the foreclosure action, to present to the court any available defense, such as the invalidity of the mortgages by reason of the fact that the land in controversy was his homestead and that the mortgages executed by him were void for the reason the same were not executed as required by law. If, after being legally summoned, he failed to present such defense, we have no hesitancy in concluding that the judgment is conclusive against him and all persons asserting title to the lands through and under him. However, if the court failed to obtain jurisdiction of Morris, the defendant in the foreclosure action, and the judgment is void, then the plaintiffs have a right to show the invalidity of the mortgages by reason of the fact that Wharton H. Morris was without power to mortgage the lands. If the evidence establishes the fact that the land was his homestead and the decree of foreclosure to be void, then the plaintiffs would be entitled to judgment for the possession of the land.

For the reasons herein stated, the judgment of the trial court sustaining the motion of the defendants for judgment on the pleadings is reversed, and the cause is remanded, with directions to overrule the motions for judgment on the pleadings and proceed with the trial of the cause in accordance with the views herein expressed.

HARRISON, C. J., and JOHNSON, McNEILL, MILLER, NICHOLSON, and COCHRAN, JJ., concur.