Note.—See under (1) 31 Cyc p. 753, (2, 3) 28 Cyc p. 471 (1926 Anno).

---

## COLEMAN v. STRONG.

No. 13802—Opinion Filed Jan. 6, 1925.

### 1. Malicious Prosecution—Statute of Limitation—Accrual of Cause of Action.

A cause of action for malicious prosecution is barred within one year from the date of the termination of the action which is alleged to have been maliciously prosecuted. In the instant case said prior action was terminated by the abandonment of an appeal. Held, that an action brought within one year from said date is seasonably brought and is not within the bar of the statute of limitations.

### 2. Malicious Prosecution—Requisites of Action—Sufficiency of Petition.

The requisite averments for the maintenance of an action for damages for malicious prosecution of an action are: (a) The prosecution of the original suit by the present defendant; (b) termination in favor of plaintiff; (c) malice and want of probable cause; (d) damages. The petition in the instant case has been examined, and held, that same states a cause of action based on malicious prosecution.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Andrew Coleman against G. F. Strong. From action of the court sustaining demurrer to plaintiff's petition, plaintiff appeals. Reversed and remanded.

A. C. Sewell and Ernest W. Thomas, for plaintiff in error.

W. J. Hulsey and A. W. Keil, for defendant in error.

Opinion by LYONS, C. The trial court sustained a demurrer to plaintiff's petition, and from this order the plaintiff appeals.

The plaintiff alleges that the defendant in the action fraudulently induced the plaintiff, who was an ignorant, illiterate negro, to purchase a worthless mule, said mule being sold with a warranty and being represented to be young, sound, and a first class mule. Plaintiff alleges that these representations were all false, that the mule was old, diseased, and practically worthless. The defendant thereupon induced the plaintiff to accept a second mule which turned out to be as worthless as the first, and also a third broken down mule in lieu of the second animal. The plaintiff paid for the broken down, worthless mule by the giving of a note secured by a mortgage on four hogs.

The defendant sued on the note and re-plevied the hogs under the mortgage. The justice court sustained the plaintiff's plea of fraud and gave him (the plaintiff in this action) judgment for the return of his hogs. Upon an appeal the county court of Pittsburg county, Okla., again gave judgment for the plaintiff in this action. The defendant in this action gave notice of appeal and secured an order allowing 90 days in which to make and serve a case-made. This was done in June, 1920, and in September, 1920, the defendant in this action abandoned the appeal.

The instant suit was brought in July, 1921, within one year after the termination of the former action. The basis of this suit is the malicious and groundless prosecution of the first action. The allegations as to fraud in the original transaction are explanatory of the transaction.

The trial court apparently sustained a demurrer on the ground that the suit was barred by the statute of limitations. This was error.

The statute of limitations as to actions for malicious prosecution begins to run at the date of the termination of the prior action which is alleged to be malicious, and suit may be brought thereon within one year thereafter. Comp. Stat. 1921, sec. 185. The present action is timely.

The petition in this cause contains the requisite averments for the maintenance of the action, which are: (a) The prosecution of the original suit by the present defendant; (b) termination in favor of plaintiff; (c) malice and want of probable cause; (d) damages. (See 18 R. C. L., sec. 50, page 68.)

An examination of the petition in this cause discloses that all of the facts requisite for stating a good cause of action in malicious prosecution have been alleged. The petition is not perhaps technically or artfully drawn, but the facts stated are with sufficient clearness and the petition states a good cause of action.

The rule is that where a petition is challenged by a general demurrer the same will be liberally construed in favor of the pleader, and if any facts are stated which entitle the pleader to any relief the demurrer will be overruled. Carter v. Grimmett, 89 Okla. 37, 213 Pac. 732; Nale v. Hernstein, 84 Okla. 35, 202 Pac. 284; Good v. First Nat. Bank, 88 Okla. 110, 211 Pac. 1051; Newman v. City of Okmulgee, 84 Okla. 147, 202 Pac. 1006.

The judgment of the trial court sustaining the demurrer is reversed, with directions to overrule the demurrer and require the defendant to answer.

By the Court: It is so ordered.