PEARL v. OKLAHOMA CITY et al.

No. 31271. Dec. 7, 1943.

Rehearing Denied Jan. 11, 1944.

Application for Leave to File Second Petition for Rehearing Denied Feb. 15, 1944.

*145 P. 2d 400.*

Mrs. M. Pearl, of Oklahoma City, for plaintiff in error.

A. L. Jeffrey, Municipal Counselor, of Oklahoma City, for all defendants in error except J. H. Robertson.

PER CURIAM. Mrs. M. Pearl, plaintiff in error herein, is a resident of Oklahoma City. In 1941 and 1942 a number of charges or complaints were filed against her in the municipal court of Oklahoma City, based upon asserted violations of the ordinances of the city by reason of the alleged unsanitary condition of premises maintained and controlled by her.

On the 23rd day of July, 1942, she instituted this action in the district court of Oklahoma county against the city of Oklahoma City, R. Hefner, its mayor, Mike Foster, its police judge, certain named inspectors and policemen of the city, and some of her neighbors, naming them.

In its principal aspect plaintiff's action was for the recovery of compensatory and punitive damages based upon sev-

eral purported causes of action for the malicious prosecution of the above-mentioned charges before the municipal court.

Subsequently plaintiff's petition was amended until ultimately the issues tendered by plaintiff were incorporated in an amended petition and an amendment thereto in which other police court prosecutions instituted subsequent to the filing of this cause of action were brought into the litigation in the form of additional causes of action.

The aggregate recovery sought by plaintiff was $1,415 actual damages and $50,000 exemplary damages.

The defendants challenged the sufficiency of the petition as amended by demurrers on the grounds the same did not state facts sufficient to constitute a cause of action. The demurrers were sustained by the trial court and the action dismissed.

The plaintiff presents the cause on appeal, asserting generally in substance that her petition as amended did in fact state several causes of action against the defendants.

The essential averments of a cause of action for malicious prosecution were outlined by this court in the first paragraph of the syllabus in Chicago, Rock Island & Pac. Ry. v. Holliday, 30 Okla. 680, 120 P. 927, 39 L.R.A. (N.S.) 205, wherein we said:

"A petition, in order to state a cause of action for malicious prosecution, must charge: First. That a prosecution was commenced against plaintiff. Second. That it was instituted or instigated by defendant. Third. That it was malicious. Fourth. That it has been legally and finally terminated in plaintiff's favor. Fifth. That it was without probable cause. . . ."

See, also, Coleman v. Strong, 105 Okla. 282, 232 P. 378; Robberson v. Gibson, 62 Okla. 306, 162 P. 1120.

A careful examination of plaintiff's pleading discloses that each of the causes of action therein undertaken to be stated is fatally defective in one essential respect. None of them alleged that the prosecution had been finally and successfully terminated in plaintiff's favor. In fact, it appears that in each instance the final disposition of the cause was unfavorable to plaintiff. In one it is asserted that an appeal was taken from the city court to the county court, but the petition does not allege disposition of the case in the county court favorable to the plaintiff.

The plaintiff thus failed to state facts constituting causes of action for malicious prosecution.

Plaintiff's brief contains the intimation that she believes her petition might be treated as adequate to state a cause of action for damages for conspiracy.

This theory is advanced by reason of the occasional use in the petition and some of the various amendments thereto of such words as "conspired." For instance, in the second purported cause of action the following phrase appears:

". . . The plaintiff at that time was ill and suffered great mental and physical pain and damage to her reputation which was conspired against unjustly and oppressively by all the defendants. . . ."

And in the fifth cause of action the following phrase appears: "the defendants having conspired."

This occasional use of the word "conspired" was insufficient to state a cause of action in conspiracy. The rule of pleading in such cases was ably stated by the Kansas court in paragraph 1 of the syllabus by the court in Stoner v. Wilson, 140 Kan. 383, 36 P. 2d 999:

"The mere charging of a conspiracy without stating the facts and circumstances which warrant recovery against the claimed conspirators, is not sufficient, and in order that the petition state a cause of action, the acts of the parties from which it follows or may be inferred that there was a conspiracy must be alleged as well as the facts showing that as a result the plaintiff

suffered damages for which he is entitled to recover."

And in the body of the opinion it was stated:

"From the above-mentioned cases and texts and others which might be cited to the same general effect, it is deduced that the mere charging of a conspiracy without stating the facts and circumstances which warrant recovery against the claimed conspirators is not sufficient, and in order that the petition state a cause of action, the acts of the parties from which it follows or may be inferred that there was a conspiracy must be alleged as well as the facts showing that as a result the plaintiff suffered damages for which he is entitled to recover."

And in 11 Am. Jur. p. 585, it is said:

"Rules with reference to pleadings in actions for conspiracy do not differ materially from those applicable in other actions. The complaint must contain allegations of the facts necessary to constitute a cause of action. For example, in an action for conspiracy maliciously to prosecute the plaintiff, the *complaint must contain sufficient averments to sustain an action for malicious prosecution; it must allege want of probable cause.* . ." (Emphasis ours.)

The occasional use of the word "conspired" in the various causes of action attempting to assert liability for malicious prosecution was insufficient to make the petition good on the theory that it stated a cause of action for damages by reason of an unlawful conspiracy, especially in view of the fact that the petition did not contain sufficient averments to sustain an action for malicious prosecution.

The trial court's order sustaining the demurrers and its judgment dismissing the action is affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur. RILEY, WELCH, and HURST, JJ., absent.