CHANEY v. REDDIN et al.

No. 33072.   April 12, 1949.

*205 P. 2d 310.*

Horsley, Epton & Culp, of Wewoka, and Bishop & Bishop, of Seminole, for plaintiff in error.

A. S. Wells and C. E. Grounds, both of Seminole, for defendant in error Robert L. Reddin.

LUTTRELL, J.   This is an appeal from an order vacating a judgment. From the record it appears that on October 20, 1937, plaintiff, Chaney, filed in the superior court of Seminole county an action against the defendants, Robert L. Reddin and Mrs. Venia Ross Reddin, to recover damages from the defendants for their breach of contract to purchase a grocery store owned by plaintiff. On October 20, 1937, summons issued to the sheriff of Seminole county and was returned showing defendants not found in said county. On October 25, 1937, an alias summons issued to the sheriff of Seminole county. The officer's return on said summons reads as follows:

"Officer's Return

State of Oklahoma,
Seminole County—SS:

"I received this Summons on the 25 day of Oct. 1937 at 10 o'clock, . . . M. and executed the same in My County. . . . . a true copy of the above Summons with all the endorsements thereon to Mrs. Ross the Mother of Menia Ross Reddin & Mother in Law of Robert L. Reddin a member of their family over 15 years of age at their usual place of residence in my County.

"Bice Merrell
"Sheriff.
"By /s/ Eric Nicholson,
        Deputy."

No other or further summons was issued or attempted to be served upon defendants or either of them.   On Feb-

ruary 11, 1938, the case was heard by the superior court, judgment rendered in favor of plaintiff and against defendant Robert L. Reddin, but dismissed by the court as to the defendant Venia Ross Reddin on the ground that the evidence failed to sustain the allegations of the petition as to her. The journal entry of judgment recites that it appears to the court that defendants and each of them have been duly and regularly served with summons in said action. Execution was issued against defendant Robert L. Reddin and returned showing no property found in Seminole county.

On August 17, 1946, the defendants filed a motion to vacate and set aside the judgment rendered February 11, 1938. The motion alleged that the judgment was void for the reason that summons was never served on them; that they left Seminole county in June of 1937, and that Mrs. Ross was not a member of the family as contemplated by the statutes of this state.

By answer and response to the motion plaintiff denied all the allegations therein contained except the allegation that he recovered a judgment against Robert L. Reddin, and pleaded the statute of limitations, and that defendants were barred by laches.

After a hearing at which evidence was introduced by the parties, the trial court sustained the motion to vacate the judgment. As ground for vacating the judgment the journal entry recites as follows:

"(1) That an inspection of the judgment roll reveals that no personal service was had upon the defendants or either of them, and that the court was without jurisdiction to render said judgment.

"(2) From an inspection of the judgment roll the court finds that the judgment rendered herein is void and should be by the court set aside."

From this judgment or order vacating the former judgment, plaintiff appeals.

Plaintiff first contends that any defect in the service of summons upon defendant constituted a mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order which required the production of evidence dehors the record; that therefore the judgment is not void on its face, and that the failure of defendant to attack its validity within the three-year statute of limitations prescribed by 12 O.S. 1941 §1038, bars defendant from obtaining the vacation thereof. We are unable to agree with this contention.

The entire judgment roll was introduced in evidence at the hearing on the motion to vacate the judgment, and the trial court expressly found that upon inspection of the judgment roll it appeared that the judgment was void. Since on the return of summons above set forth it appears that there were two defendants and that only one copy of the summons was, by the deputy sheriff, served upon Mrs. Ross, we think the invalidity of the judgment due to that fact is shown by the face of the record, and that therefore the holding of the trial court was correct. In Good v. First National Bank, 88 Okla. 110, 211 P. 1051, we said that in determining the validity of a judgment the summons, return and journal entry of judgment must be read together, and that where the return of the officer, which was the legal evidence of the service of summons, was inconsistent with the recitals in the judgment, the return would control.

The service of summons by leaving a copy thereof with Mrs. Ross, a person other than defendants, was substituted service. 12 O.S. 1941 §159 provides for the personal service of summons as follows:

"The service shall be made by delivering a copy of the summons to the defendant personally or by leaving one at his usual place of residence with some member of his family over fifteen years of age, at any time before the return day."

We are of opinion that where there are two or more defendants, although they may be members of the same family, and residing in the same abode, valid service of summons upon said defendants by delivery thereof to a member of the family requires that a copy of the summons for each defendant be left with the member of his family. The general rule is stated in 50 C.J. p. 492, §97, as follows:

"Substituted service to be complete as to each one of several defendants must be had by leaving a copy for each at the place designated by the statute."

The cases cited support that statement. There seem to be no recent decisions in point.

This court has never passed upon the exact proposition involved. However, in Jackson v. Tenney, 17 Okla. 495, 87 P. 867, the Territorial Supreme Court, considering a case where the return showed that one copy of the summons was served upon two defendants, apparently husband and wife, said:

"The law requires that the summons shall be served by delivering a copy to each of the defendants personally, or by leaving the same at their usual place of residence."

In Rogers v. Buchanan, 58 N.H. 47, the decision recites that under the general statutes of that state summons "shall be served by reading the same to the defendant, or by giving to him an attested copy thereof, or leaving such copy at his abode." In construing that statute, in a case where three defendants lived in the same house and were members of the same family, and an officer serving summons upon all three left one copy only at their usual place of abode, the Supreme Court of that state said:

"The Legislature intended that every defendant,—not one in three,—should have notice, so far as imperative statutes can effect that result, of every legal process instituted against him, and so they prescribed the methods most likely to secure a result. They expressed their intention in distinct terms, and directed proceedings easy of accomplishment, and it is not to be inferred that they intended to allow a departure from the strict limits of the forms prescribed."

Our statute on service by publication provides that where such service is proper "a copy of the petition with copy of the publication notice attached thereto shall, within six days after the first publication is made, be enclosed in an envelope addressed to the defendant at his place of residence or business". It is to be noted that in said statute, as in section 159, reference is made to only one defendant.

In Stumpff v. Price, 74 Okla. 117, 177 P. 109, service by publication was attempted to be had upon two defendants, members of the same family, by enclosing in one envelope one copy of the publication notice and two copies of the petition, addressed to the defendants at their last known post-office address. It was admitted in that case that copies of the publication notice and petition were not mailed to each of the defendants, but that the copies sent were mailed to them jointly. We held that the statute was mandatory and must be strictly complied with; that the judgment rendered on such service was void, and could be vacated on motion at any time. In that case we said:

"In such a case where there are two nonresident defendants, a copy of the petition and publication notice addressed to them jointly at their place of residence is an insufficient compliance with the statute, as the same, at best, shows service only upon one of the defendants and the uncertainty upon which of them service is had renders the publication service prima facie void as to both, for the court did not acquire jurisdiction."

That case was cited with approval and followed in Ross v. Thompson, 174 Okla. 183, 50 P. 2d 385, in which a similar attempt was made to serve two defendants.

We think that the rule announced in these cases applies to the substituted service permitted by section 159. Both methods of service involve situations where the summons is not delivered to the defendant personally. If the mailing of one notice to two defendants is insufficient, then the leaving with a member of the family of one notice for two defendants is equally insufficient. In neither case is the statute complied with. Statutes prescribing the manner of service of summons are mandatory, and must be strictly complied with to vest the court with jurisdiction. Sealey v. Smith, 81 Okla. 97, 197 P. 490; Hines v. Bacon, 86 Okla. 165, 207 P. 93; 50 C. J. p. 482, section 76; 42 Am. Jur. p. 107, section 121; Sanford v. Edwards, 19 Mont. 56, 47 P. 212. Each defendant, whether there be one or many, and whether they be members of the same family or strangers, must be served as required by the statute. And the statute plainly sets forth how a defendant must be served in order to vest the court with jurisdiction. Where several copies of the summons are left with a member of a family, one copy being left for each defendant, the law presumes that the member with whom they are left will deliver a copy to each defendant sued. Thompson v. Butler, 214 Ia. 1123, 243 N. W. 164. But such presumption cannot be indulged where only one copy is left for several defendants.

In the instant case the judgment debtor, Robert L. Reddin, testified that he was not within the county of Seminole, but was a nonresident thereof, from and after the month of June 1937, long prior to the institution of the action in which the judgment was rendered against him; that he had no knowledge of the institution of the action, and did not learn that such action had been begun until long after the rendition of the judgment.

Under the authorities above cited, and we have found none to the contrary, we think the return in the instant case wholly fails to show that summons was served upon either defendant. Such defect appearing upon the face of the record rendered the judgment void on its face, and the trial court was justified in so holding.

Plaintiff in his brief asserts that the trial court stated certain reasons which do not appear in the journal entry for holding the service invalid. But we have many times held that although the trial court gives the wrong reason for its judgment, or considers immaterial issues, if the result is correct it will not be set aside on appeal. Douglas v. Douglas, 176 Okla. 378, 56 P. 2d 362; Lee v. National Refining Co., 181 Okla. 556, 75 P. 2d 406; West Digest, Key No. 854 (2).

Plaintiff also contends that defendant, having delayed more than eight years before attacking the judgment, is guilty of laches, and that therefore his motion should not have been sustained. But 12 O.S. 1941 §1038 expressly provides that a void judgment may be vacated at any time on motion of a party or any person affected thereby. Numerous cases announcing this rule are found in Note 11 to that section in O.S.A.

In Pettis v. Johnston, 78 Okla. 277, 190 P. 681, the opinion states that a judgment void on its face, which requires only an inspection of the judgment roll to disclose its want of validity is, "a dead limb upon the judicial tree, which may be lopped off at any time". And in Good v. First National Bank, supra, we said:

"A judgment void for want of valid service upon the defendant appearing from an inspection of the judgment roll may be vacated at any time or attacked collaterally."

The trial court did not err in sustaining defendant's motion to vacate the judgment.

Affirmed.

ARNOLD, V.C.J., and WELCH, HALLEY, JOHNSON, and O'NEAL, JJ.,

concur. DAVISON, C.J., and CORN and GIBSON, JJ., dissent.