*W. M. Franklin,* for the appellant.

May Term, 1854.

HUTCHENS v. LATIMER.

------------

## HUTCHENS and Others *v.* LATIMER and Others.

It was sufficient to set aside the service of a summons, under the R. S. 1843, (where there had been no appearance by the defendant waiving any irregularity) that the name of the plaintiff's attorney was not indorsed on the summons.

The provision in the R. S. 1843 authorizing the service of a summons by leaving a copy at the defendant's usual place of residence, meant, that where there were two or more defendants, though residing at the same place, a copy should be left for each.

ERROR to the *Bartholomew* Circuit Court.

STUART, J.— Assumpsit by *Latimer, Jenkins, & Co.,* against *Hutchens* and others, on a promissory note. Upon the calling of the cause, the defendants filed their affidavit, the main point of which was, that the only service of summons was by copy; that but one copy was left at the house where two of the defendants resided, one of them as a boarder in the family of the other; setting out such copy in *hæc verba.* Such is also the substance of the sheriff's return on the summons, as appears elsewhere in the record.

Tuesday, May 23.

May Term,
1854.

HUTCHENS
v.
LATIMER.

The defendants thereupon moved the Court to set aside the service, and continue for process, &c., which was over-ruled, and the defendants excepted.   On failing further to appear, they were defaulted, and judgment was rendered for the amount of the note and interest.

Two objections are taken to these proceedings.   One, that the name of the attorney was not indorsed on the summons (1); the other, that one copy for two defendants was not a sufficient service (2).

As to the indorsement of the attorney's name, the statute is express, that it shall be done.   R. S. 1843, p. 624. The object is, that the defendants may know whom to treat as such in matters of notice or payment.   Where the objection is thus made to the process, without appearance waiving any irregularity, it must prevail.   But this point does not appear to have been urged below.

The second objection is equally fatal.   The copy is sub-stituted for the reading.   As the reading should be to each defendant, they should severally have a copy left at their usual place of residence.   That two defendants reside at the same place, does not change the reason for two copies, one for each defendant.

If the service by copy be not strictly guarded, it might lead to great abuse.

*Per Curiam,*—The judgment is reversed with costs. Cause remanded, &c.

*J. G. Marshall,* for the plaintiffs.

(1) The R. S. 1852 do not require that the attorney's name shall be indorsed on a summons.

(2) The R. S. 1852 contain the same provision in relation to service of a summons by copy, as the R. S. 1843.   2 R. S. 1852, p. 35.