Shannon *v.* Hay.

---

No. 12,268.

## SHANNON *v.* HAY.

SCHOOL FUND.—*Auditor's Sale of Mortgaged Land.—When not Required to Offer in Parcels.*—The county auditor, in selling land mortgaged to the State for the use of the school fund, is not required to offer it in specific parcels, where it is described in the mortgage as a single tract.

QUIETING TITLE.—*School Fund Mortgage.—Auditor's Sale.—Tender.*—One whose land has been sold to satisfy a school fund mortgage executed by him, can not maintain an action to quiet title against the purchaser, although the sale was void, without first paying or tendering to the latter the amount paid by him.

From the Vigo Circuit Court.

*I. N. Pierce* and *T. W. Harper*, for appellant.

*N. G. Buff*, *H. J. Baker* and *J. T. Pierce*, for appellee.

HOWK, C. J.—Appellant, Shannon, the defendant below, assigned as error upon the record of this cause, that the trial court had erred in its conclusion of law upon its special finding of facts.

The facts found specially by the court were in substance as follows:

The appellee, Hay, on January 13th, 1865, made the following note and mortgage to the State of Indiana, to wit: Here follows what purports to be the copy of a mortgage

executed by Hay to the State of Indiana, for the use of congressional township 10 north, range 9 west, of Vigo county, of a tract of land of the same description as that given in Hay's complaint herein, to secure the payment of $300, with interest at the rate of 8 per cent. per annum in advance, according to the conditions of the note thereto annexed, and what purports to be a copy of such note. Appellee paid interest on such note and mortgage from 1865 to 1872 inclusive, to wit, $21 each year, and from 1873 to 1876 inclusive, to wit, $24 each year; and such annual payments of $24 were made at the request of the county treasurer and auditor, without any special contract, in writing or otherwise, for him so to do. Appellee failed to pay the interest for 1877, 1878 and 1879. The county auditor advertised the land in controversy, together with other tracts of land belonging to other parties, all in the same notice, in the Terre Haute Gazette, as follows: Giving a copy of the notice.

The only proof that the notices were posted in the township, in which the land was situate, was the following certificate of Louis Hay, then the sheriff of Vigo county, but since dead, who was requested to post such notices by the then auditor of Vigo county: Setting out what purports to be a copy of such sheriff's certificate.

Newton Rogers, treasurer of Vigo county, made the following certificate, which was signed by him and the auditor of such county, and recorded in the auditor's office and filed in the treasurer's office: Here follows what purports to be a copy of such certificate.

Before the commencement of this suit appellee did not make, nor had he made at any time since, any tender of the amount due on such note and mortgage. The tract of land so mortgaged contained 152 acres, consisting of three "full forties" and a "fractional forty," in the northwest quarter of section 20, township 13, range 9 west, in Vigo county, Indiana, and was of the value of $5,000.

The county auditor offered such land as follows: "Who

will take the whole tract and pay the sum of $348 there-
for?" And Patrick Shannon bid the sum of $355 for the
whole tract. The auditor then said: "Who will take a less
quantity than the whole tract and pay the amount due on such
note and mortgage?" No one offering to take a less quan-
tity than the whole tract, the whole tract was then offered,
and Patrick Shannon bidding $355, the whole tract was struck
off to him for such sum of $355, which sum he paid to the
county treasurer and took his receipt therefor.

Such land was susceptible of division, and might have been
sold in parcels, without injury to the whole; and the land
was not offered in parcels, except as aforesaid. The county
auditor, after having executed the following deed to Patrick
Shannon, recorded the same in the proper order-book of the
county commissioners, and afterwards delivered the same to
said Patrick Shannon. Here follows what purports to be a
copy of such auditor's deed to Patrick Shannon.

Upon the foregoing facts the court stated as its conclusion
of law, that the sale of such land was illegal and void, the
land not having been offered in parcels, as required by law.

Did the trial court err in its conclusion of law upon the
facts specially found? We are of opinion that this question
must be answered in the affirmative. This is not a case where
the officer selling the land is required to offer and sell the land
in separate and distinct parcels; unless, indeed, it appears on
the face of the mortgage that several separate and distinct
parcels, lots or parcels of land are described therein. In this
latter case, the statute expressly requires that the auditor shall
elect in advance of the sale which one of the several lots or
tracts shall be first sold, "saving to the mortgagor, if prac-
ticable, the tract on which his house is located;" and in such
case, of course, the auditor must sell in parcels. *Benefiel* v.
*Aughe*, 93 Ind. 401; section 4392, R. S. 1881.

In the case in hand, however, the land in controversy was
described as an entirety, or as one single tract or lot, in ap-
pellee's mortgage to the State, as follows: "That part of the

northwest quarter of section 20, in township 13 north, of range 9 west, which lies south of the road leading to Durkee's ferry." In such a case, while the statute contemplates the sale of a less quantity than the whole tract, if any one will pay the amount due on the note and mortgage for such less quantity, yet it is clear, we think, that the auditor is not required to offer any certain or specific less quantity or parcel of the whole tract, because the statute expressly provides that, where a less quantity than the whole tract is bid for by one who will pay therefor the entire amount due, such quantity "shall be taken in a square form, as nearly as possible, off of the northwesterly corner of said tract." Section 4392, supra. Bonnell v. Ray, 71 Ind. 141.

The facts found by the court in this case show, we think, that the land in controversy was offered and sold by the auditor of Vigo county, in so far as the mode of crying the sale is concerned, in substantial compliance with the requirements of the statute. Therefore, it follows that the court erred in its conclusion of law, and for this error the judgment below must be reversed. The facts of the case have been so imperfectly found, and so many matters of evidence merely, in lieu of the facts which such evidence would possibly tend to prove, are erroneously set out in the special finding of facts, that we can not remand the cause with instructions to state other conclusions of law upon such special finding, but must instead remand the same for a new trial.

Besides, the appellee has sued in this case to have his title to the land in controversy quieted, as against appellant, by the decree of the court. When, therefore, the trial court found, as it did, that the appellee had never, at any time, before or since the commencement of his suit, paid or tendered to appellant the amount paid by him in satisfaction of appellee's note and mortgage and interest thereon, we are of opinion that the court ought to have promptly dismissed the suit at appellee's costs. For, however erroneous the auditor's sale and conveyance of the land to appellant may pos-

sibly have been, it is certain that such sale and conveyance resulted in the payment by appellant of appellee's note and mortgage to the State, for the use of its school fund. In such case, even though such sale and conveyance were illegal and void, the appellee can not be heard in a court of equity to ask that such sale and conveyance be set aside and declared void, until it appears that he has first done, or offered to do, what equity requires of him, namely, the payment or tender to appellant of the amount paid by him as aforesaid, in satisfaction of appellee's note and mortgage. This is the doctrine declared in many of our cases, which can not be distinguished, in principle, from the case in hand. *Harrison* v. *Haas*, 25 Ind. 281; *McWhinney* v. *Brinker*, 64 Ind. 360; *Lancaster* v. *DuHadway*, 97 Ind. 565; *Rowe* v. *Peabody*, 102 Ind. 198.

The judgment is reversed with costs, and appellant's death having been suggested, upon the petition of Thomas A. Anderson, administrator of such decedent's estate, he is substituted as the appellant in this cause, and this judgment is rendered in his favor.

Filed June 4, 1886.