**OWENS–CLASSIC, INC., Appellant
(Plaintiff Below),**

v.

**SWAGER TOWER CORPORATION,
(Defendant Below),**

**Angola State Bank and First National
Bank of Fremont, Appellees
(Garnishee-Defendants Below).**

**No. 3–1084A282.**

Court of Appeals of Indiana,
Third District.

July 15, 1985.

Rehearing Denied Aug. 30, 1985.

---

Steven K. Like, Warrick, Weaver & Boyn, Elkhart, for appellant.

Kenneth M. Waterman, Shoaff, Parker & Keegan, Fort Wayne, for appellee Angola State Bank.

HOFFMAN, Judge.

The facts relevant to this appeal are not in dispute. On June 7, 1983, appellant Owens-Classic, Inc., obtained a judgment against appellee Swager Tower Corporation in the amount of $38,000.00. On February 27, 1984, Owens-Classic filed its verified motion in proceedings supplementary with the trial court. Both appellees, Angola State Bank (Angola) and First National Bank of Fremont (FNB), were served on March 2, 1984,[1] with the verified motion and the accompanying order of the court, ordering them to answer certain interrogatories prepared by Owens-Classic. The verified motion and order to answer interrogatories contained the following information:[2]

1) The name of the party on whom it was served;

2) The name of the court and the cause number assigned to the case;

3) The title of the case;

---

1. While the record does not state the date on which process was served, appellant's brief states it to be March 2, 1984, and both appellees adopt the facts as stated by appellant.

2. Indiana Rules of Procedure, Trial Rule 69(E) and IND.CODE § 28–1–20–1.1(a) provide the requirements for notice in the verified motion in proceedings supplemental which is served upon a garnishee-defendant bank by a judgment-creditor. It is not necessary to recite those provisions here, but suffice it to say that the verified motion and order served upon Angola and FNB by Owens-Classic are in conformity with them.

4) The name, address and telephone number of the attorney for Owens-Classic;

5) The time within which the person being served was required to respond;

6) A notice of the garnishment proceedings;

7) The unpaid amount of the judgment;

8) Identifying information about the judgment-debtor, Swager Tower Corporation, which would allow the banks being served to reasonably verify it as a depositor;

9) A statement that Owens-Classic has no cause to believe that levy and execution against the judgment-Debtor will satisfy the judgment;

10) A statement that the garnishee-banks have or will have nonexempt property of, or an obligation owning to the judgment-debtor; and

11) An order issued by a court of competent jurisdiction to answer certain interrogatories promulgated by Owens-Classic.

Both Angola and FNB filed their answers to the interrogatories stating that as of March 5, 1984 they had deposits of Swager Tower Corporation in the amounts of $19,960.23 and $3,245.36, respectively. Neither bank restricted nor froze the accounts as of that date, and thereafter, both accounts were greatly diminished by Swager Tower Corporation.

On March 13, 1984 the trial court issued an order to both banks requiring payment of the sums held on March 5, 1984, along with all sums deposited in the accounts after that date. On March 27, 1984, Angola filed its motion to reconsider alleging that Owens-Classic had failed to file a statement with Angola that Owens-Classic would pay Angola for any damages it suffered as a result of freezing Swager's account prior to proper notice or an order of the court. Angola also tendered a check to the court in the amount of Swager's balance on the date the bank received the court's order of March 13, 1984. FNB similarly objected to the trial court's order of March 13 by filing a motion to set aside the order on April 9, 1984.

On June 13, 1984 the trial court entered its judgment and order on the banks' motions. The court determined that its initial order of February 29, 1984, which requested the banks to answer interrogatories was not an order to freeze funds, and therefore the banks were only liable to Owens-Classic for the amounts held in their respective banks on March 19, 1984, the day upon which they received the summons with the court's order of March 13, 1984. Owens-Classic's motion to correct errors was denied and it now appeals. One issue is presented for this Court's review: whether the order of the trial court is contrary to law.

IND.CODE § 34-1-11-21 provides:

"From the day of the service of the summons, the garnishee shall be accountable to the plaintiff in the action for the amount of money, property or credits in his hands, or due and owing from him to the defendant."

Indiana Rules of Procedure, Trial Rule 4(C) states the information which the summons shall contain:

"(1) The name and address of the person on whom the service is to be effected;

(2) The name of the court and the cause number to the case;

(3) The title of the case as shown by the complaint ...;

(4) The name, address, and telephone number of the attorney for the person seeking service;

(5) The time within which these rules require the person being served to respond, and a clear statement that in case of his failure to do so, judgment by default may be rendered against him for the relief demanded in the complaint. The summons may also contain any additional information which will facilitate proper service."

The verified motion and order which were served on the banks on March 2, 1984, contained all of the information required to

be in a summons except for a statement that a failure to respond within the stated time could result in a default judgment. However, judgment by default is inappropriate in this matter, and therefore a statement that such a judgment would be entered is likewise inappropriate.

Without the requisite notice a summons or an appearance provides, the court lacks jurisdiction to enter and enforce judgments over the person in question, *Idlewine v. Madison County Bank & Trust Co.* (1982), Ind.App., 439 N.E.2d 1198. Here, the requisite notice was provided by the documents served upon the banks. Thus, Angola and FNB were liable from the date of service of that notice, pursuant to the general garnishee statute.

In addition, IND.CODE § 28–1–20–1.1 specifically addresses the liability of banks and other financial institutions as garnishees. That statute provides:

"(a) Notice to any bank ... of an adverse claim to a deposit standing on its books ... or of a money judgment against any person who has an interest in any deposit with the bank ... shall not be effectual ... unless said adverse claimants at the time of giving the aforesaid notice:

 * * * * * *

(4) when the adverse claimant is a money judgment creditor attempting to garnish a deposit, the money judgment creditor shall provide the bank or trust company notice of the garnishment proceedings, the unpaid amount of the judgment, and sufficient identifying information about the judgment defendant to enable the bank or trust company to reasonably verify the judgment defendant as its depositor and shall serve upon the bank or trust company an order issued by a court of competent jurisdiction pursuant to the laws authorizing proceedings supplementary to execution.

 * * * * * *

When a money judgment creditor provides the notice and information and serves the bank or trust company the

order, as provided in clause (4) of this subsection, the bank or trust company shall restrict the withdrawal of the amount then or thereafter on deposit ... not to exceed the unpaid amount of the judgment, for the maximum period of sixty (60) days without liability for damages...."

As stated previously, the verified motion served on the banks contained all of the information required by this statute. The question then is whether the order to answer interrogatories constituted a sufficient order. The banks argue it did not because it did not contain express language imposing a lien or freeze upon the account.

It did not need to. The statute supplies that. The order was entered pursuant to "the laws authorizing proceedings supplementary." Trial Rule 69(E)(4) gives the court (and the creditor) an option to order the garnishee defendant either to appear for a hearing or to answer interrogatories. That is all that is necessary to constitute an order required by IND.CODE § 28–1–20–1.1(a)(4).

Therefore, as the banks were properly put on notice and the requirements of IND. CODE § 28–1–20–1.1(a)(4) and IND.CODE § 34–1–11–21 were met when the verified motion and order to answer interrogatories were served on March 2, 1984, they were required to restrict their respective accounts at that time. Thus, the trial court's order of June 13, 1984 is reversed and the court is instructed to re-enter its judgment of March 13, 1984.

Reversed.

STATON, P.J., and GARRARD, J., concur.