**Ronald W. RITZ and Sandra J. Ritz, Appellants–Respondents,**

v.

**AREA PLANNING COMMISSION OF FRANKLIN COUNTY, Indiana, Appellee–Petitioner.**

No. 24A04–9709–CV–379.

Court of Appeals of Indiana.

Aug. 26, 1998.

---

Thomas M. Thompson, Smith & Thompson, Connersville, for Appellants–Respondents.

Melvin F. Wilhelm, Barrett & Wilhelm, Brookville, for Appellee–Petitioner.

## OPINION

STATON, Judge.

Ronald and Sandra Ritz appeal the trial court's order imposing a $147,500 fine for their failure to follow an order to bring their real estate into compliance with the zoning code. The Ritzes raise two issues on appeal which we restate as:

I.  Whether the court exceeded its authority by imposing a fine greater than $2,500.

II. Whether the court had personal jurisdiction over Sandra Ritz.

The Franklin County Area Planning Commission ("Planning Commission") raises an additional issue which we restate as:

III. Whether the Ritzes' appeal was timely.

We reverse and remand with instructions.

The Planning Commission filed a complaint alleging that the Ritzes were storing automobiles and buses on their property in violation of the Area Zoning Code.[1] The Planning Commission sought an injunction to prevent the Ritzes from storing these vehicles, and it requested that the Ritzes be fined. Following a hearing, the trial court fined the Ritzes $2,500 and ordered them to bring their real estate into compliance with the zoning code within sixty days. Furthermore, the trial court ordered that the Ritzes receive an additional fine of $500 per vehicle per day for each day beyond the sixty-day period that the vehicles remained on the property in violation of the zoning code. When the Ritzes failed to remove the vehicles or otherwise bring their property into compliance with the zoning code within sixty days, the trial court fined the Ritzes $147,-500.[2] The Ritzes appeal.

## I.

### Fine

■ The Ritzes argue that the trial court exceeded its authority by imposing a fine greater than $2,500 for a zoning code violation. FRANKLIN COUNTY AREA ZONING CODE § 80.99 provides: "Any person or corporation in violation of [the zoning code] may be punished subject to the provisions of I.C. 36-1-3-8, specifically: a fine of not more than Two Thousand Five Hundred Dollars ($2,500.00) for an ordinance violation."[3] Here, the Ritzes were fined $147,500 for a zoning code violation. Since this amount exceeds the limit established by the zoning code, we agree that the fine is excessive and must be reduced to $2,500.

The Planning Commission contends that the trial court "clearly found that each vehicle was a separate violation and it also found that each day was a separate violation." Appellee's Brief at 5. Our review of the trial court's order does not support the Planning Commission's contention. The court's order dated February 7, 1997 states only that the Ritzes were in violation of the zoning code, not that there were multiple violations due to the presence of each automobile on the property for multiple days. Moreover, even if the court had concluded that the presence of more than one vehicle constituted multiple violations of the zoning code, such a conclusion would have been incorrect.

■ FRANKLIN COUNTY AREA ZONING CODE § 80.39 provides that "automotive vehicles" without current license plates or in an inoperable condition are prohibited in residential districts. The ordinance does not specify that the presence of each vehicle constitutes a separate violation. In fact, plural use of the word "vehicle" suggests that the presence of multiple inoperable or unlicensed vehicles would constitute only a single violation of the ordinance. Furthermore, the focus of the zoning code is real estate, not vehicles. A single parcel of real property will be out of compliance with the zoning code whether one or one hundred inoperable or unlicensed vehicles are present. Thus, there cannot be multiple violations of the zoning code due to the presence of more than one non-compliant vehicle.

■ Finally, we note that the trial court is not limited to imposing a $2,500 fine to ensure compliance with the zoning code. As it

1. FRANKLIN COUNTY AREA ZONING CODE § 80.39(A) provides: "Automotive vehicles or trailers of any type without current license plates or in an inoperable condition so as to be deemed dead storage shall be prohibited in residential districts other than in completely enclosed buildings and shall not be parked or stored in any district unless specifically authorized." *See* Amended Record at 187-88.

2. The court determined that ten out-of-compliance vehicles remained on the Ritzes' property twenty-nine days after the sixty-day period had expired. At $500 per day per vehicle, the fine was $145,000. Added to the initial $2,500 fine, the Ritzes' total fine was $147,500.

3. *See* Amended Record at 215. IND.CODE § 36-1-3-8(10)(B) (Supp.1996) prohibits a unit of government from imposing a fine of more than $2,500 for an ordinance violation.

did in this case, a court may enjoin a property owner from violating the zoning ordinance. IND.CODE § 36–7–4–1015 (Supp.1996). This injunction may then be enforced via contempt proceedings, a procedure the trial court did not employ in the present case.

## II.

### Personal Jurisdiction

The Ritzes also contend that the trial court did not obtain personal jurisdiction over Sandra Ritz because she was not properly served with process. The record reveals that the sheriff personally served Ronald Ritz with two summons, one naming Ronald Ritz as a defendant and the other naming both Ronald and Sandra Ritz. The Ritzes argue that because Sandra was not personally served and she did not appear the trial court did not obtain personal jurisdiction over her.

■ Ind. Trial Rule 4.1(A) indicates the form that service of process must take.

Service may be made upon an individual, or an individual acting in a representative capacity, by:

(1) sending a copy of the summons and complaint by registered or certified mail …; or

(2) delivering a copy of the summons and complaint to him personally; or

(3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or

(4) serving his agent as provided by rule, statute or valid agreement.

Here, process was personally served; however, it was served on Ronald Ritz, not Sandra. The Planning Commission contends that this service was adequate with respect to Sandra because, it argues, Ronald was acting in a representative capacity for Sandra. We reject the Planning Commission's argument based upon our holding in *Idlewine v. Madison County Bank & Trust Co.,* 439 N.E.2d 1198 (Ind.Ct.App.1982), *reh. denied.*

In *Idlewine,* the plaintiff attempted to serve both a husband and wife by delivering one copy of a joint summons to the Idlewines' residence. Following a default judgment, the Idlewines challenged the court's jurisdiction over the wife due to improper service of process. We held that leaving only one summons at the Idlewines' residence was insufficient to confer jurisdiction over both husband and wife because T.R. 4.1(A) requires that each person be served individually. *Id.* at 1201. Furthermore, we rejected the plaintiff's argument that the husband served as an agent or otherwise acted in a representative capacity for the wife. We noted that the "relationship of husband and wife does not of itself create agency," *Id.* at 1202 (citing *Moehlenkamp v. Shatz,* 396 N.E.2d 433 (Ind. Ct.App.1979), *reh. denied* ), and that evidence of agency must be " 'clear and satisfactory, and sufficiently strong to explain and remove [the] equivocal character' of the marital relationship." *Id.* (quoting *Bayes v. Isenberg,* 429 N.E.2d 654, 659 (Ind.Ct.App.1981)).

Unlike *Idlewine,* two summons were served here. However, these summons were not delivered to the Ritzes' residence; instead, they were served on Ronald Ritz personally. The second summons would have constituted proper service only if it were served on Sandra personally, delivered to her residence, sent by certified mail to her residence, or properly served on her agent. T.R. 4.1(A). Since it has not been clearly shown that Ronald acted as an agent or in a representative capacity for his wife, we conclude that Sandra was not properly served. Accordingly, the trial court did not have personal jurisdiction over her.

■ The Planning Commission contends that Sandra waived any argument regarding lack of personal jurisdiction by failing to raise the issue to the trial court. Ronald represented himself before the trial court and Sandra did not appear. Since Sandra did not appear and did not consent to the jurisdiction of the court, she cannot be said to have waived her argument by failing to raise the issue to the trial court.

## III.

### Timeliness of Appeal

Finally, the Planning Commission argues that the Ritzes' appeal is untimely. On February 7, 1997, the court found the Ritzes in violation of the zoning code and ordered

them to bring their property into compliance within sixty days. On May 7, 1997, the court imposed the $147,500 fine because of the Ritzes' failure to comply with its earlier order. The Ritzes filed a praecipe on June 6, 1997, thirty days after the court's May 7 order.

■ The Planning Commission contends that the Ritzes were required to initiate an appeal within thirty days of the court's February 7 order, and since they did not do so, this court is without jurisdiction to consider their appeal. A praecipe must be filed within thirty days of an appealable final order. Ind. Appellate Rule 2(A). Failure to timely file a praecipe deprives this court of jurisdiction to consider the appeal. *See Hatfield v. Edward J. DeBartolo Corp.,* 676 N.E.2d 395, 398 (Ind. Ct.App.1997) *reh. denied, trans. denied.*

■ Contrary to the Planning Commission's argument, the Ritzes are not appealing the trial court's February 7 order. On February 7, the court found the Ritzes in violation of the zoning code and ordered the Ritzes to comply within sixty days or else be subjected to fines in excess of $2,500. On May 7, the court calculated and imposed the additional $145,000 in fines. It is the May 7 order actually imposing fines that the Ritzes challenge; thus, their praecipe filed on June 6 was timely.

Reversed and remanded with instructions to reduce the fine to $2,500.

HOFFMAN and FRIEDLANDER, JJ., concur.