Connie ALLBURN, Appellant–
Defendant,

v.

STATE of Indiana, ex rel. WARRICK
COUNTY SHERIFF'S DEPART-
MENT, Appellee–Plaintiff.

No. 87A05–0409–CV–469.

Court of Appeals of Indiana.

May 4, 2005.

S. Anthony Long, Long & Mathies Law Firm, P.C., Boonville, IN, Attorney for Appellant.

R. Thomas Bodkin, James E. Gentry, Jr., Bamberger, Foreman, Oswald & Hahn, LLP, Evansville, IN, Attorneys for Appellee.

OPINION

SULLIVAN, Judge.

Appellant, Connie Allburn ("Allburn"), appeals from the trial court's denial of her Trial Rule 60(B) Motion for Relief from Judgment.

We reverse.

On July 29, 2003, police officers from the Warrick County Sheriff's Department executed a search warrant at 7311 Oaklawn Drive, Newburgh, Warrick County, Indiana, the residence Allburn shared with her husband Charles. Allburn and her husband were present during the search. As a result of the search, personal property belonging to Allburn was seized, including numerous firearms and currency totaling $3,214.25.

On August 4, 2003, the State filed a Complaint for Forfeiture regarding the items seized from the Allburns' residence. In the Complaint, the State alleged that, based upon information and evidence received by the State, the firearms and currency seized from the residence were used to commit or aid in the commission of violations of the criminal laws of the State of Indiana relating to the manufacturing, possession, and sale of illegal controlled substances, or were used to facilitate a violation of a criminal statute, or were traceable as proceeds of the violation of a criminal statute. A summons, addressed to "Charles and Connie Allburn" at "7311 Oaklawn Drive, Newburgh, IN 47630" and directed to be served by "sheriff," was issued on August 4, 2003. Exhibit A. The return of service, dated August 5, 2003,

indicates that the summons was served by leaving a copy of the complaint at the address listed thereon and by mailing a copy of the complaint to that same address.

On October 1, 2003, the State filed a motion for default judgment. On that same day, the trial court entered a judgment of forfeiture, finding that "service was had upon Charles R. and Connie A. Allburn the alleged owners on August 5, 2003, and that more than twenty (20) days have passed since August 5, 2003 and no one has entered an appearance for the purpose of contesting the issue herein" and that the State "should therefore have judgment in this matter by virtue of default and failure to appear by anyone on behalf of Charles R. and Connie A. Allburn." [1] Appendix Tab 4.

On February 17, 2004, Allburn's attorney sent a letter via certified mail to the Warrick County Police Department demanding return of personal property seized as a result of the search. Having received no response to the letter, Allburn's attorney sent a second letter to the Warrick County Police Department on March 10, 2004, stating that Allburn intended to file a lawsuit to recover her personal property or the value thereof. On March 17, 2004, in response to this second letter, Sergeant Aaron Bennett informed Allburn that a judgment of forfeiture had been entered on October 1, 2003. The following day Allburn filed a motion for relief from judgment seeking to set aside the default judgment entered against her. The trial court held a hearing on Allburn's motion on July 16, 2004. On July 19, 2004, the trial court, with an entry in the Chronological Case Summary, denied Allburn's motion for relief from judgment.

■ Upon appeal, Allburn argues that the trial court abused its discretion in denying her motion for relief from judgment. In arguing that she was entitled to relief, Allburn claims that she had no notice of the complaint for forfeiture until March 17, 2004, over five months after the default judgment was entered. Allburn asserts that her lack of knowledge was due to the fact that she was not properly served. Specifically, Allburn argues that the joint summons, addressed to both her and her husband, was improper and thus did not constitute proper service. In support of her argument, Allburn directs us to *Idlewine v. Madison County Bank and Trust Co.*, 439 N.E.2d 1198 (Ind.Ct.App.1982).

In *Idlewine*, after the Bank filed suit to foreclose on property owned by the Idlewines, the clerk of the trial court issued a joint summons addressed to Roberta and Ronald Idlewine which was sent to the Idlewines by certified mail in accordance with the applicable trial rule then in effect. The summons was returned unclaimed. The clerk then substituted service of an alias joint summons which was delivered to the Idlewines' residence and an additional copy was sent to the residence by first class mail. Ronald received both the summons delivered to the residence and the summons sent by first class mail, but concealed them from Roberta. A default judgment and supplemental default judgment for taxes were entered against the Idlewines, and a foreclosure sale of the

---

1. Under Indiana Code § 34–24–1–3(c) (Burns Code Ed. Repl.1998), "The owner of the seized property ... may, within twenty (20) days after service of the complaint under the Indiana Rules of Trial Procedure, file an answer to the complaint...." "If, at the end of the time allotted for an answer, there is no answer on file, the court, upon motion, shall enter judgment in favor of the state and the unit (if appropriate)...." I.C. § 34–24–1–3(d).

property was ordered. After the trial court refused to set aside the default judgments and foreclosure sale, the Idlewines appealed.

Upon appeal, the dispositive issue addressed by this court was whether the trial court erred in not declaring the default judgments and foreclosure sale void because of lack of personal jurisdiction over Roberta. *Id.* at 1199. In addressing this issue, this court considered the Supreme Court case of *Hutchens v. Latimer*, 5 Ind. 67 (1854), and found it to be controlling precedent. Specifically, the court noted that the rule of law announced in *Hutchens* was that "[w]ithout an appearance, personal jurisdiction over a person may not be acquired unless and until a copy of the summons is properly served upon that person. One copy of a joint summons delivered to a residence where two parties to the suit reside does not constitute proper service." 439 N.E.2d at 1201.

This court also observed that the law regarding service of summons in 1854 was substantially similar to the law applicable to service of the Idlewine summons. Indeed, this court observed that Indiana Trial Rule 4.1 [2] requires service upon an individual by sending that individual a copy of the summons and complaint by registered or certified mail, by personal delivery, by leaving a copy at his dwelling or place of abode, or by serving his agent. This court noted that the "import of this rule ... is *each* defendant shall be served." *Id.* at 1202 (emphasis in original). We continued, quoting with approval *Chaney v. Reddin*, 201 Okla. 264, 205 P.2d 310, 312–13 (1949), wherein that court stated, " 'Statutes prescribing the manner of service of summons are mandatory, and must be strictly complied with to vest the court with jurisdiction.' " *Id.* at 1201. This court thus held that the joint summons

delivered and sent to the Idlewines' residence did not constitute proper service of the summons upon Roberta, and thus, the trial court did not acquire personal jurisdiction over her. *Id.* The judgments entered against Roberta were therefore void. *Id.* at 1202–03.

The State argues that the present case is factually distinguishable from *Idlewine*. The State first asserts that Allburn did not show that she was not at her residence when service was made. The State also asserts that Allburn did not aver or prove that there was anyone else at the residence but her, nor that anyone concealed the documents from her, as was the case in *Idlewine*.

We do not find any indication in the *Idlewine* opinion whether or not Roberta was present when the joint summons was delivered to or received in the mail at the residence she shared with her husband. Further, while the *Idlewine* court noted that the summons was concealed from Roberta, we do not discern that such fact affected the court's holding. To be sure, in addressing whether Ronald acted as Roberta's agent for purposes of accepting service, the *Idlewine* court concluded that even assuming such, "there remains the insurmountable problem" that only one summons was served upon both Ronald and Roberta. *Id.* at 1202. From this, we think it is clear that even had Roberta's husband not concealed the summons from her, the court's holding would have been the same. Roberta would have still been entitled to relief because the "insurmountable problem" still existed—only one summons was served at the residence where two parties to the suit resided.

■ We therefore conclude that the bright line rule reiterated in *Idlewine*—

**2.** This same version of T.R. 4.1 is in effect today.

that "[o]ne copy of a joint summons· delivered to a residence where two parties to the suit reside does not constitute proper service"—is applicable to the present case. *Id.* at 1201; *see also Ritz v. Area Planning Comm'n of Franklin County,* 698 N.E.2d 386 (Ind.Ct.App.1998); *Leons v. Bloemker,* 649 N.E.2d 1041 (Ind.Ct.App. 1995); *Hardy v. Maldonado,* 632 N.E.2d 381 (Ind.Ct.App.1994). Here, there is no indication in the record that more than one copy of the joint summons was delivered and sent to the Allburns' residence. The single summons addressed to "Charles and Connie Allburn" was insufficient to provide notice to Allburn of the pending forfeiture action; thus, the trial court lacked jurisdiction to enter and enforce judgment against her. The trial court erred in denying Allburn's motion for relief from judgment.[3]

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

BAILEY, J., and MATHIAS, J., concur.

---

**3.** Because the defect involved is jurisdictional, Allburn was not required to present a meritorious defense to have the judgment set aside. *See Idlewine,* 439 N.E.2d at 1203.