# IN THE SUPREME COURT OF IOWA

No. 140 / 04-1729

Filed May 5, 2006

**KENNETH FAIRFAX** and **GERALDINE WATSON**,

Appellants,

vs.

**OAKS DEVELOPMENT COMPANY**,

Appellee.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, Robert Blink, Judge.

Vendees under contract for sale of real estate appeal from judgment confirming the forfeiture of their interest. The court of appeals affirmed. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

Phil Watson and David M. Coco of Phil Watson P.C., Des Moines, and Patrick W. O'Bryan of O'Bryan Law Firm, Des Moines, for appellants.

Dustin D. Smith of Brown, Winick, Graves, Gross, Baskerville & Schoenebaum, PLC, West Des Moines, for appellee.

**CARTER, Justice.**

Geraldine Watson and Ken Fairfax, vendees under a contract for the sale of real estate, appeal from a judgment confirming the forfeiture of their interest. Watson and Fairfax were plaintiffs in the district court who had sued in equity to enjoin the forfeiture. The appellee, which was the defendant in the district court, is Oaks Development Company. The issue involving the purported forfeiture of the vendees' interest in a real estate contract arose in connection with the trial of several other issues in consolidated cases before the district court. In connection with the validity of the forfeiture, the vendees urged that the service of the statutory notice of forfeiture required by Iowa Code section 656.3 (2003) had not been properly completed as to both vendees and that this circumstance rendered the attempted forfeiture under Iowa Code section 656.2 ineffective and invalid.

The court of appeals found that the forfeiture had been properly completed by service of proper legal notice. Upon reviewing the record and considering the arguments presented, we disagree with that conclusion and find that notice of forfeiture was not completed as required by law. We vacate the decision of the court of appeals and reverse that portion of the district court's ruling upholding the forfeiture. Because this ruling may affect other issues that were decided in the district court, we remand the case to that court for such further proceedings as may be necessary.

The contract vendees entered into an agreement to purchase a residence property that was new construction financed by the appellee, Oaks Development Company. Oaks Development Company, at the time of the agreement, had become the legal owner of the property and was the vendor under the contract. The contract provided for a $12,000 down payment and monthly installments beginning February 15, 2003, in the amount of $977.23 continuing monthly until a balloon payment due on

January 5, 2005. The remedies paragraph of the contract allowed for forfeiture of the vendees' interest in accordance with chapter 656 of the Iowa Code.

The vendees made the required down payment and paid the monthly payments that had become due prior to the June 2004 installment, although many payments were late. When the June 2004 installment was not paid on time, the vendor attempted to serve the vendees with a notice of forfeiture. The return on the attempted service by a process server was as follows:

> I did personally serve a copy of Notice of Forfeiture of Real Estate Contract
>
> By delivering a true and correct copy thereof as follows:
>
> Name: <u>Geraldine Watson</u>  Address: <u>5401 S.E. 28th Court</u>
> Name: <u>Kenneth Fairfax</u>   Address: <u>"      "      "      "</u>
>
> By delivering a true and correct copy to:
>
> <u>Geraldine Watson, a person identified as being at least eighteen years old residing therein</u>.

The process server's return of service was attached to the affidavit filed with the county recorder in support of forfeiture of the vendees' interest.

At the trial, vendee Watson, who accepted the notice of forfeiture from the process server, testified that only one copy of the notice had been delivered to her. The vendees then called the process server as a witness, who confirmed the fact that only one copy of the notice of forfeiture had been served on the vendees. The vendees contended in the district court, and continue to urge on appeal, that it was necessary to serve a separate copy of the notice of forfeiture on each contract vendee in order for the forfeiture to be valid under Iowa Code sections 656.2 and 656.3. The district court rejected that conclusion, as did a majority of the court of appeals.

## I.  *Scope of Review.*

Because the proceeding in the district court was tried by equitable proceedings, our review of both the facts and the law is de novo.  *Goodale v. Bray*, 546 N.W.2d 212, 214 (Iowa 1996); *Lett v. Grummer*, 300 N.W.2d 147, 148 (Iowa 1981); Iowa R. App. P. 6.4.

## II.  *The Statutory Notice Requirements.*

Iowa Code section 656.2 provides, in part:

> 1. The forfeiture shall be initiated by the vendor by serving on the vendee a written notice . . . .
>
> 2. The vendor shall also serve a copy of the notice required in subsection 1 on the person in possession of the real estate, if different than the vendee; on all the vendee's mortgagees of record; and on a person who asserts a claim against the vendee's interest . . . .

Iowa Code section 656.3 provides, in part:

> Said notice may be served personally or by publication, on the same conditions, and in the same manner as is provided for the service of original notices . . . .

Lastly, Iowa Rule of Civil Procedure 1.305(1) provides:

> Personal service may be made as follows:
>
> **1.305(1)**  Upon any individual who has attained majority and who has not been adjudged incompetent, either by taking the individual's signed, dated acknowledgement of service endorsed on the notice, or by serving the individual personally; or by serving, at the individual's dwelling house or usual place of abode, any person residing therein who is at least 18 years old . . . .

It is undisputed that a process server served one copy of a facially valid notice of forfeiture addressed to both vendees by delivering that copy to vendee Watson.  The process server then completed a return of service, indicating personal service on Watson and substituted service on Fairfax. At the time the notice was served, Watson and Fairfax were husband and

wife who resided together at the property that is the subject of the attempted forfeiture.

The issue presented is whether a single copy of a forfeiture notice that has been personally served on one of two contract vendees with the intent to serve both is sufficient service of notice to sustain a forfeiture of the interests of both vendees. The district court and a majority of the court of appeals held that it is. The dissenting judge on the court of appeals believed otherwise and stated the proposition as follows:

> The process server could achieve proper service on Geraldine Watson by handing her a copy of the notice. And as the majority [of the court of appeals] has correctly noted the process server could achieve proper service on Ken Fairfax by handing Geraldine Watson a copy of the notice for Fairfax. However, here there was only one notice and because the process server indicated both parties were served by the delivery of a single copy it is unclear which party actually was served and at most only one party was served.

We agree with the dissenting judge's views.

In speaking to a similar situation, the text in 62B Am. Jur. 2d *Process*, suggests by way of a practice guide:

> In making substituted service against two or more defendants having the same place of residence or abode, a copy of the summons must be left for each defendant.

62B Am. Jur. 2d *Process* § 191, at 765 (2005) (footnote omitted). Although we have rendered no decisions involving this issue, support for that conclusion is contained in decisions from other jurisdictions. In *Chaney v. Reddin*, 205 P.2d 310 (Okla. 1949), an attempt was made to serve two defendants who were members of the same family residing at the same address by leaving one copy of the process with a third member of the family at that address. In determining that the service was invalid, the Oklahoma court stated:

> Each defendant, whether there be one or many, and whether they be members of the same family or strangers, must be served as required by the statute. . . . Where several copies of the summons are left with a member of a family, one copy being left for each defendant, the law presumes that the member with whom they are left will deliver a copy to each defendant sued. But such presumption cannot be indulged where only one copy is left for several defendants.

*Chaney*, 205 P.2d at 313 (citations omitted).

Although the situation in *Chaney* involved substituted service on each of several parties, we are satisfied that the requirement that there be a copy of the notice for each party required to be served is equally applicable in situations like the present in which one party to the proceeding is personally served, but substituted service is provided for other parties. That was the situation in *Idlewine v. Madison County Bank & Trust Co.*, 439 N.E.2d 1198 (Ind. Ct. App. 1982). In that case, there was an attempt to serve a husband (Ronald) and wife (Roberta) with a single copy of a summons directed to both. The husband received personal service of the summons at his residence and neglected to inform the wife that this had occurred. A default judgment was entered against both defendants. The court set aside the judgment against the wife, stating "one copy of a joint summons delivered to a residence where two parties to the suit reside does not constitute proper service." *Id.* at 1201. In support of this conclusion, the Indiana court cited the Oklahoma court's ruling in *Chaney* and a similar ruling of the Nevada Supreme Court in *Doyle v. Jorgensen,* 414 P.2d 707, 710 (Nev. 1966). The same court that decided *Idlewine* later made it clear that this decision did not turn on the fact that Roberta's husband had concealed the service of process from her. In *Allburn v. Indiana ex rel. Warrick County Sheriff's Department,* 826 N.E.2d 682 (Ind. Ct. App. 2005), the court stated:

> [W]e do not discern that such fact [that the service of summons had been concealed] affected the court's holding. To be sure,

in addressing whether Ronald acted as Roberta's agent for purposes of accepting service, the *Idlewine* court concluded that even assuming such, "there remains the insurmountable problem" that only one summons was served upon both Ronald and Roberta. From this, we think it is clear that even had Roberta's husband not concealed the summons from her, the court's holding would have been the same. Roberta would have still been entitled to relief because the "insurmountable problem" still existed—only one summons was served at the residence where two parties to the suit resided.

826 N.E.2d at 684 (citations omitted).

We have recognized that "forfeiture statutes are to be construed strictly against a forfeiture, with the burden to show full and strict compliance with the statutory procedures upon the party seeking forfeiture." *Jamison v. Knosby*, 423 N.W.2d 2, 5 (Iowa 1988); *Lett*, 300 N.W.2d at 149. In keeping with that admonition, we are satisfied that, because our forfeiture statutes have incorporated by reference the lawful method of serving original notices as the standard for serving notices of forfeiture, the decisions we have discussed concerning the service of notice to initiate actions in court are proper guides for determining the sufficiency of the method of service of a notice of forfeiture under section 656.2.

The vendors contend that substituted service is always dependent on the good-faith conduct of the party receiving a legal notice intended for another. As a result, the vendors urge, it was sufficient to rely on Watson to apprise Fairfax of the notice of forfeiture. We disagree. Although provisions authorizing substituted service do assume the good-faith of the person on whom the notice is served, we think the probability that the notice will be passed on to the party for whom it is intended is substantially reduced if a separate notice is not left for each of the parties upon whom service is attempted. It is not unreasonable and is indeed prudent to require that this be done.

In civil actions in which some defendants are legally served and others are not, and the parties not receiving proper service are not indispensable to the proceedings, the action may proceed against those parties who have been properly served. We are unable to apply that principle in the present controversy for two reasons. First, as noted by the dissenting judge in the court of appeals, it is unclear which party was properly served. Consequently, we cannot declare that either party was properly served. This point was stated as follows by the Oklahoma court in *Chaney*:

> "[W]here there are two . . . defendants, a copy of the petition and publication notice addressed to them jointly at their place of residence is an insufficient compliance with the statute, as the same, at best, shows service only upon one of the defendants and the uncertainty upon which of them service is had renders the . . . service prima facie void as to both . . . ."

205 P.2d at 312 (quoting *Stumpff v. Price*, 177 P. 109, 109 (Okla. 1918)).

A second reason why an attempt to uphold the forfeiture against one of the two contract vendees is untenable is the manifest impracticability of that course of action. What would be the rights of the vendor against the remaining vendee if the other vendee's interest was held to have been forfeited? Certainly the vendor would claim continued entitlement to the full contract payments, but it would be totally impractical to expect the vendee whose interest had not been forfeited to make full payment for half of the property. In addition, attempting to approach the problem in this manner would necessitate a partition action between the remaining vendee and the vendor. For these reasons, we hold that the interest of neither Watson nor Fairfax was validly forfeited by the vendor.

The vendor argues that, if the forfeiture is found to be invalid, the ruling of the court of appeals with respect to its claim for money damages must be overturned. Because we vacate the decision of the court of appeals

in all respects, the effect of our ruling on the claim for money damages can be resolved by the district court. We remand the case to that court for consideration of that issue and any other issues that may have been precipitated in the consolidated cases by our ruling on the validity of the forfeiture.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

All justices concur except Streit, J., who takes no part.